FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON B.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 1:19-CV-03195-JTR<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Jason B. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

///

///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

# JURISDICTION

Plaintiff filed an application for Supplemental Security Income on June 8, 2016, alleging disability since June 1, 2016, due to back injury and pain, bilateral shoulder pain, cervical degenerative disc disease, arthritis, bilateral carpal tunnel syndrome, bilateral knee pain, gout, depression, obesity, and torn ligaments/ stretched cartilage. Tr. 256-57. The application was denied initially and upon reconsideration. Tr. 291-94, 298-300. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on June 20, 2018, Tr. 197-236, and issued an unfavorable decision on August 24, 2018, Tr. 175-87. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 367-69. The Appeals Council denied the request for review on June 25, 2019. Tr. 1-6. The ALJ's August 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 21, 2019. ECF No. 1.

# STATEMENT OF FACTS

Plaintiff was born in 1976 and was 40 years old as of the filing of his application. Tr. 186. He did not complete high school and did not obtain his GED. Tr. 229, 530. His work history has been minimal, consisting of various laboring, delivery, and inventory work. Tr. 230, 390, 403. In 2006 he experienced an on-the-job injury to his back, and eventually had fusion surgery in 2007. Tr. 519, 646, 705, 732. Several years later he was in a motor vehicle accident that exacerbated various pain issues. Tr. 488, 509, 647. Since filing his application, he has reported chronic pain issues in his back, neck, and extremities, and depression stemming from his chronic pain.

# STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national

economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 24, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 175-87.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 178.

At step two, the ALJ determined Plaintiff had the following severe impairments: gout; degenerative disc disease of the lumbar and cervical spine; minimal osteoarthritis of the right knee; minimal osteoarthritis of the right shoulder; obesity; depressive disorder; somatic symptom disorder; and marijuana use disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 179-80.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> His ability to stand and walk is limited to four hours, so he needs the ability to alternate between sitting and standing every 60-90 minutes; he can push and pull with the right upper extremity frequently; he can frequently use foot pedals bilaterally; he can occasionally climb ramps and stairs; he can occasionally balance, stoop, kneel, crouch, and crawl; he can never climb ladders, ropes, or scaffolds; he can handle [or] finger frequently; he can never reach above the chest level with his right upper extremity; he can reach at the chest level with his right upper extremity on an occasional basis; he has no limitation in his ability to reach below chest level; he must avoid concentrated exposure to industrial vibration and all exposure to hazards; he is able to understand, remember, and carry out simple, repetitive tasks and instructions; he is able to maintain attention and concentration for

> two-hour intervals between regularly scheduled breaks; he must have a predictable environment with [sic] seldom changes; he can have no judgment or decision making; he cannot perform fast-paced production rate of work; he can have brief, occasional, and superficial (defined as non-collaborative/no teamwork) interactions with public, coworkers, and supervisors.

Tr. 180-81.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as an inventory clerk or nursery laborer. Tr. 186.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of small parts assembler, collator operator, and house sitter. Tr. 186-87.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 187.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) failing to exhibit and consider relevant evidence; (2) improperly evaluating the medical opinions; (3) improperly discounting Plaintiff's subjective statements; and (4) making insufficient step five findings.

## DISCUSSION

**1.    Medical opinions**

///

///

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence from Drs. Asher, Patterson, Cline, Wachsmuth, Kraft, Eisenhauer, and Crank, and ARNP Bruce. ECF No. 13 at 6-18.

### a. Standards

When a treating or examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons; when an opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Plaintiff argues that all of the opinions regarding his mental functioning are consistent with each other, and the ALJ was thus required to offer clear and convincing reasons for discounting any of them. ECF No. 13 at 6-9. The Court finds some of the opinions contradict each other, and the ALJ was therefore only required to offer specific and legitimate reasons for the weight given to the treating and examining sources. The opinions from the state agency doctors and Dr. Cline found no more than moderate limitations, while several other doctors found marked and disabling limitations. *Compare* Tr. 266-67, 284-85, 724-25 *with* Tr. 219-21, 531, 642-43.

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### b. Dr. Asher, psychological medical expert at the hearing

At the hearing, Dr. Kenneth Asher testified as a psychological medical expert. Tr. 214-22. Dr. Asher identified Plaintiff's impairments as including depressive disorder, somatic symptom disorder (pain disorder with psychological factors), and marijuana use disorder. Tr. 215. He evaluated the paragraph B criteria as being no greater than moderate, and therefore opined Plaintiff's conditions did not meet or equal a listing. Tr. 218. In terms of functional limits, he stated he believed Plaintiff to be capable of simple routine tasks, and that he was not able to maintain concentration and consistent functioning for two hour stretches over an eight-hour day. Tr. 219-20.

The ALJ summarized this opinion in the decision, Tr. 182, and assigned it significant weight, noting the opinion was supported with "detailed references to the longitudinal record," and finding it to be "generally consistent with that record" and with other opinions. Tr. 185.

Plaintiff argues the ALJ erred in failing to address or incorporate Dr. Asher's opinion that Plaintiff was unable to maintain concentration and functioning for two hour stretches. ECF No. 13 at 9. Defendant argues Dr. Asher did not identify specific functional limitations, and merely stated he believed he recalled seeing such limits in other opinions, but was not able to view the disc of evidence at the time he was testifying. ECF No. 14 at 11-12. Defendant further asserts the ALJ offered adequate reasons for discounting the other opinion evidence that Dr. Asher said was consistent with his opinion (Dr. Patterson and Dr. Wachsmuth), and thus any error in failing to mention Dr. Asher's testimony regarding Plaintiff's ability to maintain attention was harmless. *Id.*

///

The Court finds the ALJ's discussion was insufficient. In summarizing Dr. Asher's testimony, the ALJ failed to mention his statements regarding Plaintiff's inability to maintain attention and concentration for two-hour intervals. Tr. 182. She stated only that Dr. Asher testified "that the claimant would have a number of mental limitations, adopted above." *Id.* By failing to accurately summarize the medical expert's testimony, the ALJ omitted significant, probative evidence without offering any reasons.

The Court finds this was not a harmless error. It is unclear from the record how the ALJ considered Dr. Asher's testimony regarding Plaintiff's ability to sustain attention and concentration, given her failure to include that portion of his testimony in her summary or decision. Additionally, as discussed below, the Court finds the ALJ did not give legally sufficient reasons for rejecting Dr. Patterson's opinion, and those reasons therefore cannot be inferred to apply to Dr. Asher. The Court further does not agree with Defendant's characterization of Dr. Asher's testimony as merely recalling that such limits were included by other doctors; Dr. Asher endorsed limitations on sustained concentration and persistence. Tr. 220.

On remand the ALJ will reconsider Dr. Asher's testimony in full, and explain the rationale for the weight assigned.[1]

---

[1] The Court notes that Dr. Asher's testimony included the qualifier that Plaintiff's marijuana use may have been impacting his motivation and ability to maintain attention and concentration. Tr. 217, 219. The hypothetical the ALJ posed to the vocational expert included Plaintiff's abilities "absent the use of marijuana." Tr. 231. However, the ALJ found marijuana use to be a severe impairment. Tr. 178. If substance use is material to the finding of disability, the ALJ must make specific findings to that point. Social Security Ruling 13-2p. On remand, the ALJ should clarify her findings with respect to the materiality of substance use.

### c. Dr. Patterson, consultative examiner

In October 2016 Plaintiff underwent a consultative psychological exam with Dr. Alexander Patterson, who diagnosed Plaintiff with major depressive disorder. Tr. 642. Dr. Patterson opined that Plaintiff would not have difficulty performing simple and repetitive or detailed and complex tasks, and would not have difficulty accepting instructions from supervisors, performing work activities without special instruction, or maintaining regular attendance. Tr. 642-43. However, Dr. Patterson also found Plaintiff would have difficulty interacting with coworkers and the public, would have difficulty completing a normal workday without interruptions from psychiatric conditions, and would have difficulty dealing with usual stress in the workplace. Tr. 643.

The ALJ gave Dr. Patterson's opinion significant weight, finding it to be generally consistent with his own examination, the remaining record, and Dr. Alexander's[2] opinion. Tr. 185. The ALJ went on to note the difficulties Dr. Patterson found with respect to dealing with stress and completing a normal workday, and found that those difficulties had been addressed "by including limitations on the stress the claimant would be expected to encounter in the workplace by removing fast-paced work, judgments, and requiring a predictable environment." *Id.*

Plaintiff argues the ALJ's opinion fails to actually account for the difficulties noted by Dr. Patterson, as the RFC does not account for difficulty completing a normal workday and even a reduction to low-stress jobs does not address Plaintiff's difficulty dealing with the usual stress of the workplace. ECF No. 13 at

---

[2] Dr. Alexander was the medical expert at the hearing; Dr. Asher was the psychological expert. Presumably the ALJ meant to say Dr. Patterson's opinion was consistent with Dr. Asher, not Dr. Alexander, as in the preceding paragraph she found Dr. Asher's opinion to be supported by Dr. Patterson. Tr. 185.

9-10. Defendant argues Plaintiff has failed to identify with any specificity what limitations the ALJ improperly omitted or should have included in the RFC. ECF No. 14 at 9-10.

The Court finds the ALJ failed to adequately address Dr. Patterson's opinion. It is unclear how limitations on the stress level of a job incorporate Dr. Patterson's opinion that Plaintiff would have difficulty completing a normal workday without psychological interruptions. Dr. Patterson indicated this limitation was due to Plaintiff's "chronic severe depression which contributes to distractibility and poor persistence." That deficiency is not addressed by limiting him to simple routine tasks with few changes and no fast-paced work, and appears contrary to the ALJ's finding that Plaintiff is able to maintain attention and concentration for two-hour intervals. Tr. 181.

On remand the ALJ will reconsider Dr. Patterson's opinion in full and offer reasons for the weight assigned.

### *d. Dr. Wachsmuth and Dr. Cline, consultative examiners*

Plaintiff was examined by Dr. Wendi Wachsmuth in July 2016 for the Washington Department of Social and Health Services (DSHS). Dr. Wachsmuth diagnosed Plaintiff with persistent depressive disorder, and opined he would be mildly to moderately impaired in most areas of work-related functioning, but that he would have marked limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. Tr. 530-31. She opined the limitations would persist for three months with available treatment. Tr. 532.

Plaintiff attended another DSHS consultative exam with Dr. Rebekah Cline in June 2017. Dr. Cline diagnosed Plaintiff with marijuana use disorder, unspecified depressive disorder (rule out substance exacerbated), and provisional unspecified personality disorder. Tr. 724. She found him to be no more than moderately limited in any work-related functional category, and opined the

limitations were likely to persist for six months. Tr. 724-25. She further commented that it seemed "likely that his ongoing marijuana use is decreasing his motivation, increasing his depression and assisting in keeping him 'stuck.'" Tr. 725.

The ALJ gave Dr. Wachsmuth's opinion little weight, noting that many of the objective findings on exam were within normal limits, and that the opinion was well below the durational period, as she opined the assessed limitations would only persist for a period of three months. Tr. 185. Similarly, the ALJ gave Dr. Cline's opinion little weight, noting it was a cursory, one-time examination that "relied heavily on the claimant's self-reports" and only applied for a limited duration. *Id.*[3]

Plaintiff argues the ALJ's rejection of each of these opinions reflects the ALJ improperly substituting her own judgment of the relevance of the objective findings by each doctor. ECF No. 13 at 10-13. He further asserts that the limited duration opined by each doctor is of minimal importance when considering the ALJ's own finding that Plaintiff's mental impairments were severe for the entire relevant period, and when considering all of the opinions together. *Id.* Plaintiff further argues that the ALJ inconsistently applied the fact that Dr. Cline's opinion was a one-time exam, given that the ALJ assigned great weight to Dr. Patterson, who also only examined Plaintiff once, and Dr. Asher, who never examined Plaintiff. ECF No. 13 at 10-11. Defendant argues that the ALJ reasonably

---

[3] The ALJ also stated Dr. Cline's opinion "is internally consistent with his minimal findings on mental status examination (see Ex. C-13F, p.5 (only fund of knowledge, insight, and judgment not within normal limits))." Tr. 185-86. It appears the ALJ may have intended to state the opinion was internally *in*consistent, given the context of the rest of the paragraph. Because it is unclear, the Court will not address this reasoning. The issue can be resolved without consideration of this factor.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

considered the unremarkable exam findings by both doctors, and that temporary limitations are insufficient to meet the durational requirement. *Id.*

As this claim is being remanded on other bases, the ALJ will be required to evaluate the record as a whole, including Dr. Wachsmuth and Dr. Cline. The Court notes that each opinion was an estimate of the expected duration of impairment with available treatment, and durational predictions cannot be considered in a void. While a temporary restriction is of limited value, *Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008), it is not clear that the assessed limitations *in fact* did not persist past the projected period.

### e. Drs. Kraft and Eisenhauer, state agency reviewing doctors

At the initial and reconsideration levels of review, the state agency doctors found Plaintiff capable of handling simple and complex instructions, and sustaining adequate concentration, persistence, and pace, with occasional slowing due to his subjective experience of pain and dysphoria. Tr. 266-67, 284-85. The ALJ gave these opinions some weight, finding them generally consistent with the medical evidence of record, but noted that a number of exhibits were submitted after they made their determinations. Tr. 185.

Plaintiff argues it was appropriate for the ALJ to give these opinions less than full weight since they were non-examining sources and they did not review most of the record. ECF No. 13 at 13. But Plaintiff argues the ALJ erred in failing to account for their assessment of "occasional slowing." *Id.* Plaintiff asserts this implies that he would be slow up to one-third of the time and would thus be unable to maintain functioning for an adequate 8-hour workday. *Id.* at 8. Defendant argues the notation of occasional slowing was not a functional limitation but rather a factor that justified the mental RFC limitations assessed by the doctors. ECF No. 14 at 14.

The Court finds the ALJ did not err. Plaintiff's interpretation of the limitations from the state doctors does not appear to be consistent with the context,

particularly considering the claim would have been approved at the earlier stages had the doctors intended to assess disabling limitations. However, on remand, the ALJ will consider the record as a whole in reevaluating the medical opinion evidence.

### *f. Physical opinions*

Two of Plaintiff's treating providers, Dr. Crank and Ms. Bruce, completed medical source statements opining he was limited to sedentary work. Tr. 515, 707. Dr. Crank's opinion was reviewed by a DSHS doctor, Dr. Thompson, and affirmed. Tr. 727-28.

The ALJ gave some weight to Dr. Crank and little weight to Ms. Bruce, and did not discuss Dr. Thompson. Tr. 184-85. The ALJ found Dr. Crank and Ms. Bruce's opinions were inconsistent with objective findings and contradicted by other opinions in the record. *Id.*

Plaintiff argues the ALJ improperly disregarded the objective evidence that did support the opinions and improperly substituted her own assessment of the objective evidence for that of the treating sources. ECF No. 13 at 14-18. He further argues that the examining and non-examining source opinions should not have been given more weight than the treating sources, and points out the ALJ failed to consider the opinions' consistency with one another, or to address Dr. Thompson's opinion at all. *Id.* Defendant argues the ALJ reasonably considered the objective evidence and the other opinion evidence in weighing the various physical opinions.

As this claim is being remanded for further proceedings, the ALJ will reconsider the record as a whole, including any updated evidence, and reevaluate the weight owed to each medical opinion.

**2.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 13 at 18-21.

///

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 181. The ALJ found Plaintiff's allegations to be undermined by the unsupportive objective medical evidence, Plaintiff's conservative course of treatment and lack of willingness to follow treatment recommendations, inconsistencies in his presentation and use of his cane, and his overall weak work history. Tr. 181-82.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective allegations. An ALJ may consider a claimant's poor work history in evaluating his allegations of inability to work for medical reasons. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff had minimal earnings even before his on-the-job injury in the mid-2000s. Tr. 383. While Plaintiff asserts this poor work history is related to his mental impairments

and inability to get along with others, there is no evidence to support this allegation other than Plaintiff's own statements.

Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff failed to heed medical recommendations regarding diet, exercise, smoking, marijuana use, and participation in physical therapy. Tr. 590, 675, 743-47, 770, 847. Plaintiff argues that lifestyle recommendations cannot be the basis for finding a claimant failed to follow treatment, based on Social Security Ruling (SSR) 18-3p. ECF No. 13 at 20. However, this ruling only applies to a finding that a claimant is not eligible for benefits based on only being disabled because of a failure to follow treatment that is expected to restore their ability to work. SSR 18-3p. An ALJ may still consider a claimant's efforts to address their impairments in assessing whether they are truly as limited as alleged.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably interpreted objective findings in the record as being inconsistent with Plaintiff's alleged disabling symptoms.

The Court therefore finds the ALJ did not err in her evaluation of Plaintiff's subjective reports. However, as this claim is being remanded for further consideration of the medical evidence and development of the record, the ALJ will reconsider Plaintiff's subjective reports in conducting the five-step sequential evaluation process.

**3.    Unexhibited evidence**

Plaintiff argues the ALJ and the Appeals Council both erred in failing to consider and exhibit additional evidence submitted after the hearing and after the

ALJ denied the claim. ECF No. 13 at 3-5. Because this claim is being remanded on other bases, Plaintiff will have the opportunity to submit this evidence and fully develop the record prior to the remand hearing. The ALJ will consider the fully developed record in making a new decision.

**4.    Step five findings**

At step five of the sequential evaluation process the Commissioner must show that there are jobs that exist in significant numbers in the national economy that the claimant is capable of performing, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). To meet this burden, the ALJ may rely on a vocational expert's testimony that is based on a hypothetical that contains all of the limitations the ALJ found credible and supported by substantial evidence in the record. *Bayliss v Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005).

In making the step five findings, the ALJ has an affirmative responsibility to ask the vocational expert about any possible conflict between the provided testimony and information contained in the Dictionary of Occupational Titles (DOT). Social Security Ruling 00-4p. "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Lamear v. Colvin*, 865 F.3d 1201, 1206 (9th Cir. 2017).

In response to a hypothetical question that matched the ultimately adopted RFC, the vocational expert identified three jobs: small products assembler, collator operator, and house sitter. Tr. 232. The ALJ adopted the three occupations at step five. Tr. 187.

Plaintiff argues the job requirements regarding reaching for each of the jobs exceed the limitations in the RFC regarding Plaintiff's ability to use his right arm, and the ALJ failed to acknowledge or resolve the discrepancy. ECF No. 13 at 21.

Plaintiff also notes that the DOT code provided for the house sitter job does not exist in the DOT. *Id.* Defendant argues the error on the DOT code does not render the findings meaningless, as it was clearly a matter of a typo on a single digit of the code. ECF No. 14 at 20. Defendant further argues that the ALJ reasonably resolved the conflicts, relying on the vocational expert's statement that where her testimony deviated from the DOT it was based on her experience and research in the field. *Id.* at 21.

The ALJ found Plaintiff could never reach overhead with his right arm, could occasionally reach at chest level with his right arm, and had no limitations in reaching below chest level. Tr. 180-81. All three of the jobs identified by the vocational expert and adopted at step five require frequent reaching. *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Department of Labor 134, 284, 368 (1993).[4] This is an apparent conflict between the vocational expert's testimony and the DOT.

At the hearing, the ALJ and the vocational expert had the following exchange regarding conflicts with the DOT:

> ALJ: And does any – well, I shouldn't say, does any – obviously some of your testimony dickers [sic] from the information found in the Dictionary of Occupational Titles since I know at the very least the Dictionary of Occupational Titles doesn't talk about the ability to alternate sitting and standing. So, from where do you get your knowledge or information that these jobs would fit within all of my hypothetical limitations?

---

[4] The Selected Characteristics of Occupations includes information regarding the physical demands of each occupation, including reaching (RE), with the frequency of the demand for each activity designated as never (N), occasional (O), frequent (F) or constant (C). *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Department of Labor, Appendix C (1993).

> VE:  That's based on my 28 years of vocational experience in actually assisting or assessing individuals in the specific positions.
> ALJ: Have you performed any job analyses on these positions?
> VE:  Yes, numerous.
> ALJ: Have you done labor market surveys on these positions?
> VE:  Yes.
> ALJ: Have you actually observed the jobs being done?
> VE:  Yes.

Tr. 232-33. Upon questioning from Plaintiff's representative, the vocational expert acknowledged that the collator operator job and small products assembler job both required frequent reaching. Tr. 233-34.

In the decision, the ALJ found that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." Tr. 187. While the vocational expert's testimony and past experience are likely sufficient to provide a basis for the decision, the ALJ failed to acknowledge or resolve the inconsistencies that the vocational expert herself identified. On remand, the ALJ shall inquire as to any conflicts between the vocational expert's testimony and the DOT, and resolve any conflicts prior to relying on the testimony.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints,

making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 11, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 19